KEKER & VAN NEST, LLP
ROBERT A. VAN NEST - #84065 (rvannest@kvn.com)
WENDY J. THURM - #163558 (wthurm@kvn.com)
BENEDICT Y. HUR - #224018 (bhur@kvn.com)
STEVEN K. YODA - #237739 (syoda@kvn.com)
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counterclaim-Defendant
THELEN REID & PRIEST LLP

CARLSON CALLADINE & PETERSON, LLP
DONALD W. CARLSON - #79258 (dcarlson@ccplaw.com)
GUY D. CALLADINE - #99431 ( gcalladine@ccplaw.com)
353 Sacramento Street, 16th Floor
San Francisco, CA 94111
Telephone: (415) 391-3911
Facsimile: (415) 391-3898

HAYES & HARDY, LLP
ANDREW W. HAYES (ahayes@hayes-hardy.com)
One Rockefeller Plaza, Suite 1005
New York, NY 10020
Telephone: (212) 554-3125
Facsimile: (212) 554-3121

Attorneys for Defendant and Counterclaimant
FRANCOIS MARLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THELEN REID & PRIEST LLP, | Case No. C-06-2071 VRW |
| Plaintiff and Counterclaim-Defendant, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| v. | Complaint filed: March 21, 2006 |
| FRANÇOIS MARLAND, | Trial Date: None Set |
| Defendant and Counterclaimant. | |

To facilitate the production and exchange of information that is not in the public domain and is entitled to legal protection as confidential, private and proprietary, the Court ORDERS as follows:

By prominently marking it as "Confidential," a party may designate for protection under this Protective Order any document, deposition testimony, or discovery response furnished or disclosed by that party or by anyone else in this action. The term "Confidential Information" refers to anything so designated and any information contained in or derived from anything so designated. A party shall only designate as Confidential Information those documents, deposition testimony, or discovery responses it believes in good faith contain information of a confidential, proprietary, or personal nature protectible under Fed. R. Civ. P. 26.

Where a document, discovery response, or deposition testimony consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. The protections conferred by this Order cover not only the Confidential Information but also all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Confidential Information.

1. Information and documents that were designated as Confidential under the Protective Orders entered in *Garamendi v. Altus Finance S.A. et al.*, U.S. District Court, C.D. Cal., Case No. 99-02829 AHM (CWx) shall be treated as Confidential under this Protective Order. A true and correct copy of the Protective Orders entered in *Garamendi v. Altus Finance S.A. et al.* is attached hereto as Exhibit 1 and incorporated herein.

2. A party may designate as Confidential Information documents, discovery responses, or deposition testimony provided by another party by providing written notice to all parties of the relevant document numbers or other identification after receiving such documents or discovery materials. Nothing in this Protective Order affects the right of the party or third party that produces documents, deposition testimony, or discovery responses designated Confidential Information hereunder to make any otherwise lawful use or disclosure of such

1  documents or information.

2      3. Confidential Information shall not be disclosed to anyone except as provided
3  herein. Confidential Information may be disclosed only to the following:

4      (a) the Court and its staff;

5      (b) any agreed-upon or assigned mediator and his staff;

6      (c) the named parties to this litigation, but only to the extent that those
7  individuals are actively involved in the conduct of the litigation, or are assisting their counsel in
8  the preparation of the case;

9      (d) court reporters and videographers who record and/or transcribe
10 depositions or other testimony in this action, and their support staff provided that each such
11 individual is made aware of and agrees to the terms of this Protective Order;

12     (e) independent experts or independent consultants engaged by counsel of
13 record to a party to assist in this litigation, and deponents to the extent necessary in preparation
14 for and at their noticed depositions, provided that, before any disclosure of Confidential
15 Information, each such expert, independent consultant, or deponent first agrees to be bound by
16 this Protective Order by signing a copy of the Declaration Re: Protective Order attached hereto
17 as Exhibit 2. Counsel disclosing the information shall maintain all such signed Declarations.

18     (f) Counsel of record in this litigation and their respective support staffs as
19 reasonably necessary, each of whom must be made aware of and agree to the terms of this
20 Protective Order.

21     4. In the event a party objects to another party's designation of information as
22 Confidential Information, or believes that it has a compelling need or legal obligation to use
23 Confidential Information in a manner not contemplated by this Order, it shall specify to the
24 designating party those documents, and/or materials, or categories of documents and materials it
25 contends should not be designated as Confidential Information ("Disputed Documents"), and the
26 reasons therefor. The parties shall meet and confer within five (5) business days of when a
27 written specification of Disputed Documents is provided under this paragraph. If an agreement
28

cannot be reached after the parties have conferred in a good faith effort to resolve any dispute, the party challenging the Disputed Document(s) may file a motion with the court under governing Federal Court rules within thirty-five (35) days of the conclusion of the meet-and-confer. If the motion is made, the recipient of the Disputed Document(s) shall keep the information in dispute Confidential pending entry of an order of court on the matter. The designating party shall bear the burden of persuasion in any such challenge proceeding. If the Court determines that a party has abused the protections of this Order, it may award such costs, fees, sanctions or other relief as may be available under Fed. R. Civ. P. 37.

     5. An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the right to secure protection under this Protective Order for such material. If material is designated as "Confidential" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

     6. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until (a) the designating party withdraws such designation in writing; or (b) the Court rules the material is not Confidential Information or otherwise permits its use in ways not permitted by this Order.

     7. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information, to any person or in any circumstance not authorized under the Protective Order, that party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Declaration attached hereto.

     8. When Confidential Information is intended to be filed or lodged with the Court, the parties will comply with Northern District of California Local Rule 79-5 as applicable.

9. Documents, discovery responses, and deposition testimony containing Confidential Information, and excerpts, summaries, and compilations of such documents, discovery responses or deposition testimony containing Confidential Information, shall be used only for the purposes of litigating this action and in any other court proceedings or arbitration actions involving Marland and Thelen as parties arising out of or relating to the events and circumstances that give rise to this action where the disclosure of such Confidential Information is reasonably necessary or appropriate. Nothing in this protective order shall preclude a disclosing party from using or disseminating its own confidential information.

10. If anyone bound by this Protective Order becomes subject to a legal obligation to produce or disclose any Confidential Information to anyone not bound by this Protective Order, whether by discovery request, subpoena, disclosure obligation or otherwise, the individual or entity that is subject to the obligation shall promptly provide the party who designated the material as Confidential Information with written notice by facsimile and overnight delivery enclosing a copy of the subpoena, document request, and other documents by which the party became subject to the obligation in order to allow the designating party to oppose or limit production of the Confidential Information, and shall cooperate in seeking to keep the material designated as Confidential Information from being disclosed.

11. All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of this action (whether by entry of a final order of dismissal, judgment, settlement or otherwise), all parties, non-parties, natural persons, corporations, partnerships, firms, agencies, associations, or other entities in the possession of Confidential Information or otherwise subject to this Stipulation shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period and certify in writing within thirty (30) days that the documents have been destroyed.

12. The parties agree through the signature of counsel below that they have read and understood this Stipulation and Protective Order and agree to be bound by its terms, restrictions, and prohibitions.

Dated: September 29, 2006            KEKER & VAN NEST, LLP

                                     By: /s/ _____
                                         WENDY J. THURM
                                         Attorneys for Plaintiff/Counter-Defendant
                                         THELEN REID & PRIEST LLP

Dated: September 29, 2006            HAYES & HARDY LLP
                                     CARLSON, CALLADINE & PETERSON LLP


                                     By: /s/ concurrence obtained General Order 45§X.B.
                                         ANDREW HAYES
                                         Attorneys for Defendant/Counterclaimant
                                         FRANÇOIS MARLAND

**IT IS SO ORDERED.**

Dated: 10/3/2006

_[signature]_

HON. VAUGHN R. WALKER
Chief United States District Court Judge