UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELEN REID & PRIEST, LLP, | No. C-06-2071 VRW (EMC) |
|       Plaintiff, | |
|       v. | **SECOND ORDER RE IN CAMERA REVIEW** |
| FRANCOIS MARLAND, | |
|       Defendant. _____/ | |

Judge Walker has referred to the undersigned a discovery matter concerning documents over which Plaintiff Thelen Reid & Priest claimed privileged. Pursuant to Judge Walker's order of February 21, 2007, Thelen Reid produced these documents to the Court for an in camera review. Thelen also identified ten documents on its amended privilege log which it believes should be withheld based on the exception set forth in Judge Walker's order. Having reviewed Thelen's submission and the documents at issue, the Court hereby rules as follows.

**I. DISCUSSION**

As a preliminary matter, the Court notes that Thelen does not dispute that the following documents on its amended privilege log should be produced pursuant to Judge Walker's order of February 21: Items Nos. 1-6, 10-18, 20-45, 47-48, and 50-60. Thelen only argues that it should be allowed to redact Items Nos. 47 and 48 because they contain confidential and proprietary information unrelated to the case. Similarly, Thelen does not dispute that all nine of the documents on its log of redacted documents should be produced pursuant to the February 21 order. Thelen only

1  argues that it should be allowed to redact Items Nos. 4-6 because they contain confidential and
2  proprietary information unrelated to the case.
3        The Court has reviewed Items Nos. 47 and 48 on the privilege log and Items Nos. 4-6 on the
4  log of redacted documents. Because the documents do contain confidential and proprietary
5  information unrelated to the case, the Court shall allow Thelen to redact that information from the
6  documents. Thelen is advised that the redactions must be narrowly tailored. For example, for Item
7  No. 47, Thelen may redact the information related to "Financial Results" except for that information
8  discussing payment of DOI fees and, for Item No. 5, Thelen may redact only the information at item
9  1 on TRP 010566. Except for the redactions for confidential and proprietary information unrelated
10 to the case, Thelen shall produce all documents listed above to Mr. Marland. Thelen shall also lodge
11 with this Court a confirmatory copy of all such redacted documents (reflecting the specific
12 redactions).
13       As for the remaining ten documents which Thelen believes should be withheld pursuant to
14 Judge Walker's February 21 order, the Court orders that some documents shall be produced but
15 others may be withheld.
16       Per Judge Walker's order, conclusions of consultations between Thelen lawyers are not
17 protected by the attorney-client privilege if they discuss:
18 ●     claims that Mr. Marland might have against Thelen,
19 ●     known errors in Thelen's representation of Mr. Marland,
20 ●     known conflicts in Thelen's representation of Mr. Marland, or
21 ●     other circumstances that triggered Thelen's duty to advise Mr. Marland and obtain his
22     consent.
23 *See* VRW Order of 2/21/07, at 16. Under this standard, the following documents shall be produced:
24 Items Nos. 9, 49, 61, and 64. The remaining items may be withheld because they do not contain
25 sufficiently explicit discussion of, *e.g.*, claims, known errors, or known conflicts.
26       In order to facilitate a review by Judge Walker, the Court hereby files, in conjunction with
27 this order, a sealed order which addresses why Items Nos. 9, 49, 61, and 64 should be produced.
28

1  This sealed order (titled "Third Order re In Camera Review") is for Judge Walker's eyes only; no
2  copy shall be sent to either Thelen or Mr. Marland.

4      IT IS SO ORDERED.

6  Dated: March 14, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge